UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA L. FERNANDEZ, et al., <br> Plaintiffs, <br> v. <br> FORD MOTOR COMPANY, et al., <br> Defendants. | Case No. 18-cv-03179-PJH <br><br> **ORDER** <br> Re: Dkt. No. 6 |

On May 29, 2018, defendant Ford Motor Company removed this case from the Superior Court of California, County of Napa. Dkt. 1. On the same day, Ford filed an "ex parte application" for an order staying the case pending a Multi-District Litigation ("MDL") panel determination of whether to include this case in an existing MDL. Dkt. 6. On June 12, 2018, the case was reassigned to this court.

Ford labels its motion an "ex parte application," although it also filed a certificate of service attesting that it served plaintiffs with the application and related papers. Dkt. 6-5. Ford argues that it is filing the motion ex parte pursuant to Local Rules 6-3 and 7-10. It states that an ex parte motion is appropriate because "a regular briefing schedule will cause Ford substantial harm." Dkt. 6 at 2. Ford argues generally that proceeding with this action would undermine the MDL panel's work, be unnecessarily duplicative, and possibly lead to inconsistent rulings. Id. at 2–5. It argues that plaintiffs refused to stipulate to a stay and that the requested "stay will have no effect on the schedule for the case because the case was just removed and no dates have been scheduled in this matter." Id. at 5.

1     This "ex parte application" must be DENIED for the following reasons.

2     First, the court notes that, although labeled by Ford as such, this is not in fact an ex parte application under Local Rule 7-10. See Civ. L.R. 7-10 (defining an ex parte motion as "a motion filed without notice to opposing party"). Ford served plaintiffs with the application and accompanying papers.

    Second, a party may file an ex parte motion "only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances," and "[t]he motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." Civ. L.R. 7-10. Ford fails to meet the requirement of citing a rule authorizing its ex parte application. Ford cites Civ. L.R. 6-3, but that rule does not authorize ex parte contact with the court. In fact, that rule explicitly contemplates an opposition in response to a motion filed pursuant to it. Civ. L.R. 6-3(b).

    Third, if the court were to construe Ford's brief as a motion to change time pursuant to Local Rule 6-3, the filing would fail to satisfy that rule's requirements. For example, when moving to shorten a briefing schedule, a party must "[i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time[.]" Civ. L.R. 6-3(a)(3). Ford generally argues that it would be prejudiced if this court proceeded with this action in parallel with the MDL panel—which may be true—but that argument supports a motion to stay the case. When filing a motion to alter time, Ford must show that <u>the briefing schedule itself</u> would cause it "substantial harm or prejudice," which is a different requirement. Id. Furthermore, Ford acknowledges that "[t]he requested stay will have no effect on the schedule for the case because the case was just removed and no dates have been scheduled in this matter." Dkt. 6 at 5. Given that no dates are pending in this case other than a CMC scheduled for September 20, 2018, and that Ford fails to explain any other source of prejudice from the schedule, the court is left to guess what prejudice Ford may face from a standard briefing schedule on a properly-noticed motion to stay the action.

2

Accordingly, Ford's motion is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: June 18, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

3